UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-cv-20742-JLK

SANDRA WITT,

    Plaintiff,

v.

HOWMEDICA OSTEONICS CORP.,

    Defendant.
_____/

## ORDER DISMISSING AMENDED COMPLAINT WITHOUT PREJUDICE

THIS CAUSE comes before the Court upon Defendant Howmedica's Motion to Dismiss Plaintiff's Amended Complaint, filed October 3, 2013 (D.E. 17). The Court is fully briefed on the matter.[1] Upon review of the record and careful consideration, the Court finds that the Motion should be granted and the Amended Complaint should be dismissed without prejudice

### I. BACKGROUND

This is a medical product liability action arising out of an injury Plaintiff allegedly suffered in connection with the implantation of an artificial knee manufactured by Defendant. The case was removed from state court under diversity. D.E. 1. This Court dismissed the original Complaint for failure to state a claim on August 26, 2013. D.E. 15.

---

[1] Plaintiff responded in opposition on October 21, 2013 (D.E. 18) and Defendant replied on October 31, 2013 (D.E. 19).

Plaintiff then filed an Amended Complaint. D.E. 16. Defendant Howmedica now moves to dismiss the Amended Complaint.

## II. LEGAL STANDARDS

In deciding a motion to dismiss, the Court must accept the Complaint's allegations as true and construe them in the light most favorable to the Plaintiff. *See M.T.V. v. Dekalb County Sch. Dist.*, 446 F.3d 1153, 1156 (11th Cir. 2006). "In analyzing the sufficiency of the complaint, [the Court] limit[s] [its] consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

A complaint must contain short and plain statements of the grounds for the court's jurisdiction, of the cause of action, and of the relief sought. Fed. R. Civ. P. 8(a). Under the heightened pleading standards set forth by the Supreme Court in *Bell Atl. Corp. v Twombley*, 550 U.S. 544 (2007) and *Ashcroft v Iqbal*, 556 U.S. 662 (2010), there must be "enough facts to state a claim to relief that is plausible on [the] face" of the complaint. *Twombley*, 550 U.S. at 570. A plaintiff must plead sufficient facts to show relief and "more than labels and conclusions…a formulaic recitation of the elements of a cause of action will not do." *Id.*

## III. ANALYSIS

### A. Problem of Parties' Identity

It is unclear who the intended defendants are in this case. The original Complaint named Stryker Corporation and Howmedica. The Amended Complaint continues the same style of the case, but only addresses Howmedica and only uses the singular "Defendant." The only mention of Stryker is that Howmedica is a wholly owned subsidiary of Stryker. D.E. 16 ¶16. In the instant Motion to Dismiss, Defendant Howmedica states that Stryker has been dropped from this case. D.E. 17 n.1. The briefings do not discuss Stryker. Nonetheless, the style of the case in the instant Motion, Response, and Reply each name both parties. Moreover, the Amended Complaint does not address Stryker and, therefore, fails to state a claim against Stryker Corporation.

Accordingly, the Court finds Defendant Stryker Corporation must be dismissed without prejudice for Plaintiff to plead a claim against Stryker.

### B. Shotgun Pleading

Defendant correctly points in its Motion out that the Amended Complaint is a shotgun pleading. Each count begins by incorporating all preceding paragraphs. The Eleventh Circuit has repeatedly criticized such pleading and found them to violate Federal Rule of Civil Procedure 10(b) requiring each claim to have its own paragraph stating a separate court. *See e.g. Magluta v Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). Accordingly, the Amended Complaint must be dismissed without prejudice as a shotgun pleading.

3

### C. Counts I-IV: Failure to State a Claim

Defendant moves to dismiss Counts I–IV for failure to satisfy the previously described federal pleading requirements set forth in *Twombly*, 550 U.S. 544, and *Iqbal*, 556 U.S. 662.

#### *i.  Counts I and III: Strict Liability and Design Defect*

Under Florida law, the manufacturer of a defective product can be held strictly liable for injury "if the manufacturer made the product in question, if the product has a defect that renders it unreasonably dangerous, and if the unreasonably dangerous condition is the proximate cause of the plaintiff's injury." *Jennings v. BIC Corp.*, 181 F.3d 1250, 1255 (11th Cir. 1999).

Defendant takes issue with the second element, asserting that the Amended Complaint does not identify any defect with the prosthesis and, therefore, there is no allegation of an unreasonably dangerous condition. Given that Defendant's motion regards the adequacy of pleading a defect, the same analysis applies to strict liability (Count I) and design defect (Count III).

The complaint must contain factual allegations about what was in fact defective about the product. *See Gomez v. Pfizer, Inc.*, 675 F. Supp. 2d 1159, 1163 (S.D. Fla. 2009)(dismissing a complaint in part because there were "no factual allegations suggesting what was in fact defective about the products."); *Rice v. Walker*, 359 So.2d 891, 892 (Fla. 3d DCA 1978)(dismissing products liability complaint where the plaintiff did not allege facts showing how the product was defective); *cf. Bailey v. Janssen*

4

*Pharmaceutica, Inc.,* 288 Fed.Appx. 597, 607–08 (11th Cir.2008) (upholding a complaint notwithstanding conclusory allegations because the complaint alleged several specific possible defects).

The Amended Complaint alleges Plaintiff's prosthesis was defective and unreasonably dangerous in that it "contained unreasonably dangerous design defects such as potential of the Knee to loosen after being implanted, cause imbalance and locking, and was not reasonably safe as intended to be used…" ¶15A.

The Court finds that the Amended Complaint's allegation that the prosthesis was defective because it contained design defects such as loosening is vague and overbroad. The prosthesis is a complex device; without specific allegations as to the components which Plaintiff alleges are defective and how those components are defective, Defendant cannot answer. A complaint must contain more facts as to what exactly Plaintiff alleges is the defect present in the prosthesis, along with sufficient allegations of all other elements of strict liability and design defect.

### ii.    *Count II: Failure to Warn*

"To establish strict liability for failure to warn, plaintiff must prove that defendant (a) is a manufacturer or distributor of the product at issue, and (b) did not adequately warn of a particular risk that was known or knowable in light of the generally recognized and prevailing best scientific and medical knowledge available at the time of the manufacture and distribution." *Pinchinat v. Graco Children's Products, Inc.*, 390 F. Supp. 2d 1141, 1146 (M.D. Fla. 2005)(citing *Ferayorni v Hyundai Motor Co.,* 711 So.2d

1167, 1172 (Fla. Dist. Ct. App. 1998)(reversed on other grounds 795 So. 2d 126 (Fla. Dist. Ct. App. 2001))).

The Amended Complaint does not allege any facts as to the content of any warnings given. It only states that Defendant failed to give proper warnings and that the warnings were "inadequate." *E.g.* D.E. 16 at 9. Simply stating that the warnings were insufficient only recites the elements of this cause of action. The Amended Complaint contains insufficient details as to the facts surrounding these warning. Without more facts, a count for failure to warn cannot stand.

### iii. *Count IV: Negligence*

To prove negligence, a plaintiff must allege that the defendant owned the plaintiff a duty, the defendant breached that duty, and the breach caused the plaintiff's damages. *See Janssen Pharmaceutica, Inc.*, 288 F. App'x at 609; *Fla. Dep't of Corrections v. Abril*, 969 So.2d 201, 204–05 (Fla.2007).

The Amended Complaint states that Defendant had a duty to Plaintiff to exercise reasonable care and to warn of any dangers. ¶52. Defendant breached that duty by "failing to exercise due care under the circumstances," and failed to include adequate warnings. ¶¶54, 56. There are no facts as to what failures occurred, how those failures took place or why, exactly, Defendant's actions are breaches. Without more facts supporting the elements of a negligence cause of action, the Amended Complaint fails to state a claim for negligence. Conclusory statements are insufficient.

### D. Counts V and VI: Breach of Express and Implied Warranties

Defendant moves to dismiss Counts V (Breach of Express Warranty) and VI (Breach of Implied Warranty) for lack of privity. The Court acknowledges that some Florida courts distinguish the privity requirements for express and implied warranties. *See e.g. Smith v. Wm. Wrigley Jr. Co.*, 663 F. Supp. 2d 1336, 1342 (S.D. Fla. 2009). The Court is not persuaded by those arguments and finds that privity is required for both implied and express warranty claims. *See e.g., Fields v. Mylan Pharm., Inc.*, 751 F. Supp. 2d 1257, 1259 (N.D. Fla. 2009); *T.W.M. v. Merican Med. Sys.*, Inc., 886 F. Supp. 842, 844 (N.D. Fla. 1995) (citing Florida case law).

The Amended Complaint contains no facts establishing privity between Plaintiff and Defendant. Thus, the claims for breach of express and implied warranty must be dismissed without prejudice to plead privity.

Plaintiff's learned intermediary argument does not defeat the privity requirement. In support of the breach of warranty claims, Plaintiff argues that she adequately pled the duty to warn and that, under the learned intermediary doctrine, the manufacturer's duty to warn runs to the physician, not the patient. Thus, it seems that Plaintiff contends that she need not allege privity because of the learned intermediary doctrine and because it is hospitals or doctors who purchase the devices to be implanted.

In Florida, the learned intermediary doctrine permits a manufacturer to discharge its duty to warn by providing physicians with adequate information about risks associated with their products. *Rounds v. Genzyme Corp.*, 440 F. App'x 753, 754-55 (11th Cir.

2011) *cert. denied*, 132 S. Ct. 1913, 182 L. Ed. 2d 772 (U.S. 2012). Accordingly, the doctrine does not implicate claims for breach of express and implied warranties.

### E. Punitive Damages

Defendant moves to dismiss the punitive damages claims found in all Counts because Plaintiff failed to satisfy Florida requirements for pleading punitive damages. Florida Stature 768.72 requires a proffer or record by claimant showing a reasonable basis for recovery of punitive damages. The Eleventh Circuit has held, "[T]he pleading component of Florida Statutes §768.72 are inapplicable in federal diversity cases." *Cohen v Office Depot Inc.*, 184 F.3d 1292, 1299 (11th Cir. 1999), *vacated on other grounds*, 204 F.3d 1069 (11th Cir. 2000). The instant case is brought under the Court's diversity jurisdiction. Other cases cited by the parties address the discovery component of the Florida statute and, hence, are inapplicable.

Accordingly, Plaintiff's punitive damages claims are subject only to the usual federal pleading requirements. A decision on whether punitive damages are properly part of this action will depend on the underlying factual allegations. Given that all of the above Counts are subject to dismissal, a ruling on punitive damages is premature at this stage.

### F. Count I: Duplicity

Defendant also moves to dismiss Count I (Strict Liability) as duplicative of Counts II (Failure to Warn) and III (Defective Design). Given that Counts I, II, and III currently fail to state a claim, the issue of duplicity is moot.

8

## IV. CONCLUSION

Accordingly, upon a careful review of the record and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED, and DECREED** as follows:

1. Defendant's Motion to Dismiss Plaintiff's Amended Complaint (**D.E. 17**) be, and the same is, hereby **GRANTED without prejudice,**

2. The Amended Complaint (**D.E. 16**) be, and the same is, hereby **DISMISSED without prejudice**, and

3. Plaintiff has twenty (20) days from the date of this Order in which to file a Second Amended Complaint.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 30th day of December, 2013.

*[signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

CC: Magistrate Judge Chris M. McAliley

All Counsel of Record