UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-cv-20742-JLK

SANDRA WITT,

    Plaintiff,

v.

HOWMEDICA OSTEONICS CORP.,
*a New Jersey corporation d/b/a
Stryker Orthopaedics*,

    Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS AND DIRECTING DEFENDANT TO ANSWER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (D.E. 23), filed February 3, 2014. The Court is fully briefed on the issue.[1] Upon review of the record and careful consideration, the Court finds that the Motion should be denied.

### I. BACKGROUND

This is a medical products liability action arising out of an injury Plaintiff allegedly suffered in connection with the implantation of an artificial knee manufactured by Defendant. *See* D.E. 21. The operative pleading in this case is the Second Amended Complaint ("the SAC," D.E. 21). The Court previously dismissed the Complaint and the First Amended Complaint without prejudice for failure to state a claim. D.E. 15, 20.

---

[1] Plaintiff filed a Response in Opposition on February 21, 2014 (D.E. 26) to which Defendant Replied on March 3, 2014 (D.E. 27).

Defendant now moves to dismiss the SAC. There are only two counts: Count I for Strict Liability Defective Design and Count II for Negligence.

## II. LEGAL STANDARD

In deciding a motion to dismiss, the Court must accept a complaint's allegations as true and construe them in the light most favorable to the Plaintiff. *See M.T.V. v. Dekalb Cnty. Sch. Dist.*, 446 F.3d 1153, 1156 (11th Cir. 2006). "In analyzing the sufficiency of the complaint, [the Court] limit[s] [its] consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

A complaint must contain short and plain statements of the grounds for the court's jurisdiction, of the cause of action, and of the relief sought. Fed. R. Civ. P. 8(a). Under the heightened pleading standards set forth by the Supreme Court in *Bell Atl. Corp. v Twombley*, 550 U.S. 544 (2007) and *Ashcroft v Iqbal*, 556 U.S. 662 (2010), there must be "enough facts to state a claim to relief that is plausible on [the] face" of the complaint. *Twombley*, 550 U.S. at 570. A plaintiff must plead sufficient facts to show relief and "more than labels and conclusions…a formulaic recitation of the elements of a cause of action will not do." *Id.*

## III. ANALYSIS

### A. Count I: Strict Liability

Under Florida law, the manufacturer of a defective product can be held strictly liable for injury "if the manufacturer made the product in question, if the product has a

2

defect that renders it unreasonably dangerous, and if the unreasonably dangerous condition is the proximate cause of the plaintiff's injury." *Jennings v. BIC Corp.*, 181 F.3d 1250, 1255 (11th Cir. 1999). Defendant moves to dismiss that there has not been sufficient pleading of a defect that renders the artificial knee unreasonably dangerous.

The SAC states that the knee was defective and unreasonably dangerous "because the prosthesis was dangerous to an extent beyond that which would be contemplated by the ordinary consumer." D.E. 21 at ¶12. Further, it is alleged that the knee "contained unreasonably dangerous design defects such as the potential of the Knee to loosen after being implanted, leading to failure of the Femoral Component, and was not reasonably safe as intended to be used..."*Id.* at ¶12A. Coupled with this is the allegation that Plaintiff was diagnosed with "loose right knee prosthesis due to failure of the X-Small Right Medial/left Lateral EIUS Knee Femoral Component..." *Id.* at ¶34.

The critical additions to the operative pleading are the allegations of the femoral component. Previously, the pleading only stated that the knee was defective because it loosened. The Court ordered Plaintiff to make "specific allegations as to the components which Plaintiff alleges are defective and how those components are defective." D.E. 20 at 5. In the SAC, Plaintiff has added the portion of the prosthesis which is alleged to be defective – i.e., the femoral component.[2] Defendant is now aware of the specific component which is alleged to create a defective prosthesis.

---

[2] The Court does not find compelling Defendant's argument that Plaintiff only alleged the Femoral Component "failed" and did not plead it was "defective." *See e.g.* D.E. 27 at 2. There are no magic words

3

### B. Count II: Negligence

To prove negligence, a plaintiff must allege that the defendant owned the plaintiff a duty, the defendant breached that duty, and the breach caused the plaintiff's damages. *See Bailey v. Janssen Pharmaceutica, Inc.*, 288 F. App'x 597, 609 (11th Cir. 2008); *Fla. Dep't of Corrections v. Abril*, 969 So.2d 201, 204–05 (Fla. 2007).

A product manufacturer "is under a duty to use reasonable care to design a product that is reasonably safe for its intended use and for other uses which are foreseeably probable." *Vincent v. C.R. Bard, Inc.*, 944 So.2d 1083, 1085 (Fla. Dist. Ct. App. 2006) (internal quotations omitted). Plaintiff alleges that Defendant manufactured and distributed the artificial knee that was used in her surgery and that the knee was used in the manner for which it was intended. D.E. 21 at ¶¶ 49, 50. Thus, Defendant's duty is sufficiently pled.

Plaintiff pleads that Defendant breached the duty "by failing to exercise due care under the circumstances" and that Defendant knew or should have known of the knee's propensity to loosen and of the femoral component's failure. *Id.* at ¶64, 62. Defendant's alleged manufacturing of an artificial knee which loosens and has a faulty femoral component is a sufficient allegation of breach of Defendant's duty to make a reasonably safe product. The SAC pleads adequate facts that give rise to the alleged breach.

Causation and damages are sufficiently alleged by pleading that Defendant's specific acts with regard to the knee implanted in Plaintiff and the knee's femoral

---

necessary to properly plead a case; Plaintiff has made a plausible showing that an artificial knee with a femoral component that fails is defective.

4

component caused Plaintiff to suffer medical conditions and incur expenses and losses. *Id.* at ¶65

## IV. CONCLUSION

Accordingly, upon a careful review of the record and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED, and DECREED** that Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (**D.E. 23**) be, and the same is, hereby **DENIED**. Defendant **SHALL answer** the Second Amended Complaint within **twenty (20) days** of the date of this Order.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 28th day of March, 2014.

                                                      JAMES LAWRENCE KING
                                                      UNITED STATES DISTRICT JUDGE
                                                      SOUTHERN DISTRICT OF FLORIDA

cc:   All Counsel of Record